Paul SPAMPINATO

v.

MILLER ELECTRIC COMPANY.

No. 92–60–M.P.

Supreme Court of Rhode Island.

April 6, 1993.

John Harnett, John A. Toro, Providence, for plaintiff.

Mark T. Reynolds, Bernard Boyer, Gregory Boyer, Boyer, Reynolds & DeMarco, Providence, for defendant.

## OPINION

PER CURIAM.

This matter was heard before a panel of the Supreme Court pursuant to an order directing the parties to appear and show cause why the issue of the propriety of the Workers' Compensation Appellate Divi-sion's order in this case affirming the trial justice's determination that the employee had failed to prove a work-related injury should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we conclude that cause has not been shown.

In this case Paul Spampinato (employee) claimed that he was injured at work on August 11, 1988. He notified his foreman but continued to work several days, finally remaining out of work from August 17 through August 24, returning to work on August 25, and continuing to work until January 31, 1989. He filed a petition for benefits and presented medical evidence of the Woonsocket Hospital Emergency Room examination and treatment prescribed by his treating physician on August 18 during the initial six-day absence from work, three later visits to his treating physician on September 12 and November 7, 1988, and January 9, 1989, and visits to a neurosurgeon on November 14 and December 28, 1988. When he returned to work he performed light tasks. The medical examination showed no abnormalities but there were some objective findings by the treating physician on September 12, 1988. On December 24 a physician for Miller Electric Company (employer) examined plaintiff and found no objective evidence of disability.

The trial commissioner chose to rely on employer's examining physician regarding disability, as was his right. The commissioner also concluded that employee had left work on January 31, 1989, not because he was physically disabled but because he was not willing to perform some of the light work to which he was assigned, such as cleaning toilet facilities and other janitorial work. The employee's union had filed a grievance concerning the work assigned.

Although the trial judge might well have been justified in finding that unemployment after January 31 was not due to any physical disability, it appears that his finding that employee had failed to prove that any injury occurred on August 11 was unjustified. Up until the trial

judge's abrupt decision, no one challenged the fact that an incident did occur on August 11, which was promptly reported, and that the employee did receive medical treatment as a consequence. On the basis of the uncontradicted evidence presented, the trial commissioner's finding was error and should have been reversed.

The evidence concerning the employee's reasons for leaving work five months after the injury, to which the trial commissioner made reference, was not relevant to the issue of whether an injury had actually occurred. Irrelevant evidence cannot support a finding that an injury did not occur. *Villa v. Eastern Wire Products Co.,* 554 A.2d 644 (R.I.1989).

For these reasons the employee's petition for certiorari is granted, the order of the Appellate Division affirming the decree of the trial judge is quashed, and the case is remanded to the Appellate Division with our decision endorsed thereon and for entry of a new decree consistent with this opinion.

MURRAY, J., did not participate.